54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The CROW TRIBE OF INDIANS, Plaintiff-Appellant,
v.
LITTLE HORN STATE BANK, Defendant-Appellee.
 No. 94-35391.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1995.*
Decided May 17, 1995.
 
 Before: WRIGHT, THOMPSON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Crow Tribe gave promissory notes to Little Horn State Bank that subsequently matured. The Tribe and the Bureau of Indian Affairs (BIA) agreed to establish the Crow Debt Retirement Committee (DRC) and to open the "Crow Tribal Debt Retirement checking account" at the Bank. The Bank set off the amount owing on the notes against the account. The Tribe sued the Bank, alleging that the setoff was unlawful. The court granted summary judgment for the Bank. The Tribe appeals. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.[1]
 
 
 3
 The Tribe argues that the Bank had no right to setoff because: (1) the BIA held the funds in trust; (2) the funds were deposited into a special account; and (3) the Bank and the DRC lacked mutuality.
 
 
 4
 Initially, we conclude that the DRC is a tribal entity and that the BIA did not hold the funds in trust. No provision in either the agreement establishing the DRC or the agreement opening the DRC account shows that the DRC was a BIA entity. Rather, most provisions in the agreements show that the DRC was only a tribal entity. Other provisions in the agreements are not helpful.
 
 
 5
 Next, we conclude that the funds were deposited into a general account. The Tribe does not contend that the agreement between itself and the Bank created a special account. Instead, it says that the Bank's knowledge that the funds were to be used to retire the Tribe's debts created one.
 
 
 6
 Under Montana law, the general rule is that a party claiming to have created a special account must show an agreement between itself and the bank. See, e.g., Security State Bank v. First Nat'l Bank, 254 P. 417, 418 (Mont. 1927). An exception applies in cases involving third-party creditors. In such cases, a party claiming that a special account exists may show either that "direction [was] given as to the disposition to be made of the funds" or that "the bank [knew] ... of another's claim thereto." Id. at 418 (emphasis added). We decline to extend Montana's exception for certain third-party creditors to first-party depositors.
 
 
 7
 Finally, we conclude that mutuality existed between the Bank and the DRC. Both the DRC agreement and the account agreement demonstrate that the DRC acted on the Tribe's behalf and that the DRC funds were the Tribe's funds.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo a grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We also review de novo an interpretation of state law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991)